**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MARTIN GRIJALVA TOBAR,

   Plaintiff,

v.                                            Civil Action No.:  SAG-20-3780

LAURA ARMSTEAD, et al.,

   Defendants.

**MEMORANDUM**

Plaintiff Martin Grijalva Tobar, who is incarcerated at Patuxent Institution ("Patuxent"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted.

Plaintiff filed an Amended Complaint on February 17, 2021, pursuant to the Court's Order issued January 6, 2021. ECF No. 4. The Amended Complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Plaintiff alleges that he "fought to get his disciplinary sanction reversed through the administrative prison process." ECF No. 4 at 4, ¶ 1. He states that Defendants Owens and Jobe deprived Plaintiff of his constitutional rights in July 2019 when they searched his cell and confiscated his Muslim oils. *Id.* at 4, ¶ 2. Plaintiff asserts that Defendant Jobe falsified test results to indicate that the oils were positive for opiates and amphetamines and wrote two allegedly false disciplinary reports. *Id.* As a result of the disciplinary charges, Plaintiff states he was sent to solitary confinement and lost good conduct credits and his job. *Id.* at 4 ¶¶ 2, 4. Plaintiff claims that Defendant Armstead failed to overturn the charges on appeal. *Id.* at 4, ¶ 3.

Plaintiff asserts that he has suffered an "atypical and significant" hardship due to his placement in solitary confinement for 15 days even though he "was proven innocent of the charges by D.O.C.'s own appeal process…" *Id.* at 5, ¶ 5.  He states that there was no legitimate penological interest in his segregation as it was based on falsified drug and misconduct reports.  *Id.*  According to Plaintiff, for those 15 days he was confined to his cell for 23 hours a day every other day and 24 hours a day for four days a week.  *Id.* at 5, ¶ 6.  Additionally, he was limited to two showers per week; no outdoor recreation time, visitation, or work; and did not have access to the library, gym, or bedding exchange.  *Id.*  Plaintiff seeks monetary and declaratory relief.  *Id.* at 5-6.

For the reasons discussed below, Plaintiff's Amended Complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint.  The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits he is entitled to certain due process protections.  *Wolff v. McDonnell*, 418 U.S. 539, 563-64 (1974).  Additionally, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Based on a finding of insufficient evidence, the sanctions imposed against Plaintiff were vacated on appeal.  ECF No. 4 at ¶ 6; s*ee* ECF No. 1-1 at 4.  The question remains whether a defect at one level of prison disciplinary proceedings can be "cured" by actions taken at an internal appellate level and/or in new proceedings.  In other words, did vacating Plaintiff's convictions on appeal cure the due process violation committed at the disciplinary hearing?  A number of courts

have examined this issue and concluded that "there is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process." *Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (citing *Harper v. Lee*, 938 F.2d 104, 105 (8th Cir. 1991)); *Young v. Hoffman*, 970 F.2d 1154, 1156 (2nd Cir. 1992) ("administrative reversal constituted part of the due process protection [inmate] received, and it cured any procedural defect that may have occurred"), *cert. denied*, 114 S. Ct. 115 (1993).

The gravamen of Plaintiff's Amended Complaint is that his due process rights were violated because he served 15 days in disciplinary segregation and lost good conduct credits before the sanctions were vacated on appeal. There is no question that Plaintiff has a liberty interest in maintaining earned good conduct credits. It is well established that the revocation of good conduct credits may not take place without first providing the inmate with the protections of procedural due process. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). In the instant case, however, Plaintiff's good conduct credit was restored, as required by the appellate order vacating Plaintiff's conviction and sanctions. *See* ECF No. 1-1 at 4. Thus, any due process violation that took place at Plaintiff's hearing was cured by the restoration of his good conduct credits.

Plaintiff maintains, however, that vacating his sanctions did not correct the damage he sustained as a result of his conviction because he was wrongfully confined to segregation for 15 days. ECF No. 4 at ¶ 5. The liberty interest Plaintiff asserts is tenuous at best. The touchstone for determining whether or not a particular housing assignment within the prison invokes a liberty interest has been explained by the Supreme Court. "[T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*

*v. Conner*, 515 U.S. 472, 484 (1995). In *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997), this standard was applied to allegations that confinement to administrative segregation for six months in "cells [that] were infested with vermin; were smeared with human feces and urine; and were flooded with water from a leak in the toilet on the floor above." The Court held that those conditions did not implicate a liberty interest in avoiding administrative segregation because they did not represent a significant hardship. *Id*.

Given this analysis, Plaintiff's confinement to disciplinary segregation was not a significant hardship. The conditions of confinement on disciplinary segregation that Plaintiff alleges here do not begin to approach the level of significant hardship contemplated by the applicable standard. This conclusion precludes a claim for damages under § 1983 for the 15 days that Plaintiff spent on disciplinary segregation status. *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996); *see also Ragan v. Lynch*, 113 F.3d 875 (8th Cir. 1997).

Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) (ii) for failure to state a claim and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).  A separate order follows.

April 12, 2021  
Date

_____/s/_____  
Stephanie A. Gallagher  
United States District Judge